# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

SKY LIGHT IMAGING LIMITED LLC.    )
)
          Plaintiff,         )
)
         vs.            )      Case No. 4:18CV02049 JCH
)
PRACTECOL, LLC          )
)
         and           )
)
5 HORIZONS GROUP, LLC      )
)
         Defendant(s).     )

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion to Dismiss filed by Defendant 5 Horizons Group, LLC ("5 Horizons") on April 1, 2019. (ECF No. 20). The matter is fully briefed and ready for disposition.

## BACKGROUND[1]

Plaintiff Sky Light Imaging Limited LLC, ("Plaintiff") has brought the instant case against Defendants 5 Horizons and Practecol, LLC ("Practecol") (hereinafter collectively referred to as "Defendants") for breach of contract, accounts stated and for quantum meruit. (ECF No. 1). In support thereof, the Plaintiff alleges that on June 28, 2017, Plaintiff and Defendant Practecol entered into a General Business Agreement for the production, purchase, and sale of certain camera equipment, and that this agreement represented a contract between the two parties. (ECF No. 1 ¶ 12; *and see,* ECF No. 1-1). On September 26, 2017, Plaintiff and Defendant Practecol entered into an amendment to the contract. ("Amendment") (ECF Nos. 1 ¶ 13, 1-2). Under the

---

[1] The majority of the Court's background section is taken from Plaintiff's Complaint, to which Defendants Practecol, LLC, and 5 Horizons, LLC have not yet filed an Answer.

terms of the Amendment, Defendant 5 Horizons could submit purchase orders subject to the Contract and on behalf of Defendant Practecol. *Id.* Plaintiff argues that Defendant 5 Horizons became subject to the Contract by the execution of the Amendment (ECF No.1 ¶ 20). Plaintiff asserts that it has performed or satisfied all of its conditions, promises and obligations under the contract. (ECF No. 21).

Plaintiff alleges that on January 26, 2018, Defendant 5 Horizons ordered various quantities of camera products from Plaintiff. (ECF Nos. 1 ¶14; 1-3). On May 31, 2018, Plaintiff and Defendant 5 Horizons confirmed a Pro Forma Invoice for specialized goods and services to be performed by Plaintiff in accordance with the purchase order. (ECF Nos. 1 ¶ 15, 1-4). On and after January 12, 2018, Plaintiff sent invoices to Defendant 5 Horizons for the specialized goods and services ordered by the Defendants. (ECF No. 1 ¶ 16, 1-5). Plaintiff Sky Light Imaging asserts that although the Defendants have made some payment on the invoices, there is an unpaid balance in the amount of six-hundred and thirty-seven thousand six-hundred and sixteen dollars and fifty cents ($637,616.50).

Plaintiff alleges that the Defendants have breached the contract by failing to make the required payments. (ECF No. 1 ¶ 22). Alternatively, Plaintiff brings a count for quantum meruit against the Defendants for unjust enrichment. (ECF No. 1 ¶¶ 31-36).

## STANDARD FOR MOTION TO DISMISS

Fed. R. Civ. P. 12(b)(6) provides for a motion to dismiss based on the "failure to state a claim upon which relief can be granted." When considering a 12(b)(6) motion, all factual allegations in the complaint, and reasonable inferences arising therefrom, must be construed in favor of the nonmoving party. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164 (1993); *see Knapp v. Hanson*, 183 F. 3d 786,788 (8th Cir. 1999). To survive a motion to dismiss a complaint must show that "'the pleader is entitled to relief,' in order to 'give the defendant[s] fair notice of what the... claim is and the grounds upon

which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *See also Erickson v. Pardus*, 551 U.S 89, 93 (2007). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(citing *Twombly*, 550 U.S. at 556). Further, in regard to a Rule 12(b)(6) Motion, the Supreme Court holds:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [citations omitted] a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure ' 1216, pp. 235-236 (3d ed. 2004).

*Twombly*, 550 U.S. at 555. *See also Gregory v. Dillard's, Inc.,* 565 F.3d 464, 473 (8th Cir. 2009)(en banc)("[A] plaintiff 'must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims…, rather than facts that are merely consistent with such a right.'")(quoting *Stalley v. Catholic Health Initiative*, 509 F.3d 517, 521 (8th Cir. 2007)).

Under Fed. R. Civ. P. 12(c) a court may not consider "matters out the pleadings" Fed R. Civ. P. 12(c); *Casazza v. Kiser*, 313 F.3d 414, 417 (8th Cir. 2002). The Rules however permit courts to examine exhibits attached to the pleading. Fed. R. Civ. P. 10(c). *See,* Stahl *v. U.S. Dept. of Agriculture*, 327 F.3d 697, 700 (8th Cir. 2003)(in cases involving contracts, courts may examine contract documents when deciding a motion to dismiss). With these principals in mind the Court turns to the Plaintiff's complaint, and the exhibits incorporated therein, to determine the sufficiency of the complaint under Rule 12(b)(6).

<u>**DISCUSSION**</u>

**I.     Count I: Breach of Contract**

The existence of liability alleged by Plaintiff depends in large part upon whether a contractual relationship was created between Plaintiff Sky Light Imaging and Defendant 5 Horizons.   Defendant 5 Horizons asks the Court to dismiss Count I against them because they are not party to any contract with the Plaintiff. The Court agrees.

Defendant 5 Horizons asserts that it is not party to, or a signatory of, the contract (ECF No. 1-1) or the Amendment (ECF No. 1-2) and that no obligation exists between Defendant 5 Horizons and the Plaintiff. Plaintiff argues that Defendant 5 Horizons became subject to the Contract by execution of the Amendment. Alternatively, Plaintiff alleges that Defendant 5 Horizons may be liable under the contract because the "Defendants are and have been partners, joint ventures, alter egos, and/or conspirators of each other. At all times mentioned a unity of interest in ownership and other interests between each of the Defendants existed such that any separateness ceased to exist." (ECF No. 1 ¶ 6).

The signatories to both the Contract and the Amendment are Plaintiff Sky Light Imaging and Defendant Practecol, LLC.   In relevant part the Amendment to the Contract states:

> The sentence of Section 1.1 of the Agreement is amended and restated as follows: "Company shall issue Purchase Orders or shall authorize 5 Horizons Group, LLC ("5H") to issue Purchase Orders on Company's behalf for Products from time to time in line with its actual requirements"
> The sentence of Section 1.3 of the Agreement is amended and restates as follows: "All orders for product shall be made pursuant to written purchase orders submitted by Company or 5H to Manufacturer and shall specify at a minimum the products, quantity, shipping address and the requested delivery date"

Contract interpretation is a question of law, wherein courts must ascertain and give effect to, the parties' intentions. *State ex rel. Vincent v. Scheider*, 194 S.W.3d 853, 859 (Mo. banc 2006). "Under Missouri law, a court must not alter or construct a new contract through interpretation."

*Rias v. Safeco Ins. Co. of America*, 594 F.Supp2d. 1090 (E.D. Mo. 2009)(citing *Pepsi Midamerica v. Harris*, 232 S.W.3d 648, 654-55 (Mo. Ct. App. 2007). It is the duty of this Court to "'ascertain the intention of the parties and give effect to that intent' given the contract as a whole, based on the plaint meaning of its terms. *Id.* "Unless the contract is ambiguous, the intent of the parties is determined based on the contract alone, and not on extrinsic evidence." *Id.,* citing *Armstrong Bus. Servs., Inc. v. H&R Block,* 96 S.W.3d 867, 874 (Mo. Ct. App. 2002). For purposes of the 12(b)(6) Motion to Dismiss, the Court finds that the language of the Contract and the Amendment unambiguous. The contract and Amendment do not evidence an intent by Plaintiff Sky Light imaging or Defendant Practecol to bind Defendant 5 Horizons to the Contract. 5 Horizons is not a party to either the Contract or the Amendment. Therefore, Plaintiff's first Count for Breach of Contract is dismissed as to 5 Horizons.

## II.    Count II: Account Stated

Similarly, Plaintiff's claim for account stated against 5 Horizons fails. An "'account stated' is an agreement between parties who have had previous financial transactions, that a certain balance is correct and due, and a promise by the debtor to pay the balance." *Empire Petroleum, Inc. v. D.F. Associates, Inc.* 538 F.Supp. 615, 620 (E.D. Mo. 1982)(citing *Chisler v. Staats*, 502 S.W.2d 424,426 (Mo. App. 1973)). To state a claim of account stated the "'…seller must prove (1) the parties had prior financial dealings, an open account; (2) the parties reached an agreement as to the amount due and owing on that account and (3) [the] buyer acknowledges this obligation and made an unconditional promise to pay.'" *Hipps v. LVNV Funding, LLC*, 2013 WL 6571597 at *5 (E.D. Mo. December 13, 2013)(quoting, *Spartan Carpet Distributors, Inc. v. Bailey*, 728 S.W.2d 236 (Mo.Ct.App. 1987).

Defendant 5 Horizons argues that Plaintiff's Complaint cannot support a claim for account stated. Defendant 5 Horizons asserts that they have no payment obligations to the Plaintiff.

(ECF No. 27, citing ECF No. 1-2). Defendant further asserts that on the face of the Contract it is clear that payment obligations were only between the Plaintiff and Defendant Practecol. In support thereof, Defendant points the Court to the payment terms that are contained only in section 3 of the Contract between Plaintiff Sky Light Imaging and Defendant Practecol. (ECF No. 27). The Complaint does not clearly allege, nor does the Contract incorporated therein indicate, that Defendant 5 Horizons has any obligation to the Plaintiff. Similarly, the Complaint does not allege that Defendant 5 Horizons made any promise to pay.

Defendant 5 Horizon argues that even if the Court found an obligation between Plaintiff and Defendant 5 Horizons, it was the intent of Defendant Practecol to make Defendant 5 Horizons its agent through the Amendment. (ECF No. 27). It is a "well settled principle of the law of agency [that] the agent of a disclosed principal does not become a party to a contract, nor would the agent assume any of the principal's duties simply because of their role as agent" an "agent is not liable to a third party unless the agent of a disclosed principal agrees to or undertakes the obligations." *Citizens Nat. Bank v. Maries County Bank*, 244 S.W.3d 266, 271 (Mo. App. S.D. 2008); *see State ex rel William Ranni Associates, Inc. v. Hartenbach*, 742 S.W. 2d 134, 140 (Mo. banc 1987)(stating that an agent with a disclosed principal is not party to a contract  and is not liable for nonperformance); *see also Capitol Group Inc. v. Collier* 365 S.W.3d 644, 648 (Mo. App. E.D. 2012)(refusing to find liability of the agent absent clear evidence of an intention to be bound). Here, the Plaintiff does not plead any facts suggesting that Defendant 5 Horizons promised to or incurred any obligation to make payments to the Plaintiff. Plaintiff also does not clearly assert any claims against Defendant 5 Horizon based on an agency relationship between the Defendants. Therefore, Plaintiff's claim for Account Stated against Defendant 5 Horizons is dismissed.

### Count III: Quantum Meruit

In addition to the above claims, Plaintiff has stated a claim under the equitable theory of quantum meruit. To state a claim for quantum meruit, the Plaintiff must allege that, "(1) a benefit [was] conferred upon defendant by plaintiff; (2) appreciation by defendant of the fact of such benefit, and (3) acceptance and retention by the defendant without payment." *Leisman v. Archway Medical, Inc.*, 53 F.Supp.3d 1144 (E.D. Mo. 2014)(quoting *Guarantee Elec. Constr. Co. v. LVC Tech., Inc.* No. 4:05CV8949 JCH 2006 WL 950204, at *2 (E.D. Mo. April 10, 2006)).

In its Complaint, the Plaintiff alleges that it manufactured foods and performed services and incurred costs for the benefit of the Defendants; that Defendants promised to pay the Plaintiff; that Defendants have not paid for the benefits conferred and retention of those benefits without payment would be unjust. (ECF No. 1 ¶¶ 31-35). Plaintiff argues that Defendant 5 Horizons has failed in its motion to dismiss to address the Plaintiff's alternate theory of quantum meruit. (ECF No. 24). Defendant 5 Horizons argues that Plaintiff's claim for quantum meruit fails for the same reasons that Plaintiffs claims for breach of contract and account stated ought to fail; that there is no obligation created between Defendant 5 Horizons and Plaintiff. Defendant 5 Horizons also argues that it did not retain any benefits. Since Plaintiff has not pleaded any facts indicating that Defendant 5 Horizons has retained a benefit from the Plaintiff constituting unjust enrichment, Plaintiff's claim for recovery under the doctrine of quantum meruit is dismissed as to Defendant 5 Horizons.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant 5 Horizons Motion to Dismiss Case as to Defendant 5 Horizons Group, LLC (ECF No. 20) is **GRANTED.**

Dated this 3rd day of June, 2019.

/s/ Jean C. Hamilton

UNITED STATES DISTRICT JUDGE