UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SKY LIGHT IMAGING LIMITED, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:18-CV-02049 JCH |
| | ) |
| PRACTECOL, LLC, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on attorney Joseph E. Martineau and the law firm of Lewis Rice LLC's Motion to Withdraw as Counsel for Defendant Practecol, LLC, filed February 27, 2020. (Doc. No. 33). Plaintiff Sky Light Imaging Limited, LLC, has not responded to the motion, and the time to do so has passed.

**BACKGROUND**

Plaintiff filed its original Complaint in this matter on December 7, 2018, for breach of contract, accounts stated, and for quantum meruit. (Doc. No. 1). Joseph E. Martineau and the law firm of Lewis Rice LLC (collectively "Lewis Rice"), entered their appearance on behalf of Defendant Practecol, LLC ("Practecol" or "Defendant") on January 25, 2019. Practecol filed an answer to the complaint on February 28, 2019. The other Defendant in the case, 5 Horizons Group, LLC, was dismissed from the action on June 3, 2019.

On February 27, 2020, Lewis Rice filed its Motion to Withdraw as Counsel for Practecol. (Doc. No. 33). In its motion, it stated that Lewis Rice was aware since the inception of this

action that Defendant would be unable to pay for the legal services provided by Lewis Rice. However, "a third party, having no legal obligation to advance funds to Defendant to pay [Lewis Rice] for its legal services and having no legal obligation to pay Counsel, was willing to advance funds to cover Defendant's legal expenses. . . . [because the third party] might be willing to purchase Defendant." *Id*. at 1. However, it now appears that such "third party now believes any such investment is highly unlikely." *Id*. Defendant Practecol has informed Lewis Rice that it has ceased business operations and lacks significant assets. *Id*. at 2. Consequently, Lewis Rice seeks to withdraw from its representation of Practecol in this matter. Lewis Rice has advised Practecol that it may be subject to default judgment in this matter if it does not have counsel, and Practecol does not oppose Lewis Rice's withdrawal in this action.

## **DISCUSSION**

Generally, this Court will not allow counsel to withdraw from representation unless substitute counsel enters an appearance for the client. This rule is especially significant in cases where the client is a corporation, as a corporation is an artificial entity that can only act through agents, cannot appear *pro se*, and must be represented by counsel. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993).

"'Entry of a default judgment is appropriate where a defendant corporation fails to comply with a court order to obtain counsel.'" *United Fire & Cas. Co. v. Titan Contractors Serv., Inc.*, No. 4:10-CV-2076 CAS, 2014 WL 3805493, at *1 (E.D. Mo. Aug. 1, 2014) (quoting *R. Maganlal & Co. v. M.G. Chem. Co., Inc.*, No. 88 CIV. 4896 MJL THK, 1996 WL 715526, at *2 (S.D. N.Y. Dec. 12, 1996); *see Top Sales, Inc. v. Designer Vans, Inc.*, No. CIV.A. 3:96-CV- 0721, 1997 WL 786254, at *2 (N.D. Tex. Dec. 11, 1997) (court grants counsel's motion to

withdraw and orders defendant corporation to retain substitute counsel or risk having its pleadings stricken and default judgment entered against it)).

In light of the foregoing, the Court will hold in abeyance Lewis Rice's motion for leave to withdraw as counsel, and order Defendant Practecol to obtain substitute counsel no later than April 30, 2020. If Practecol fails to obtain substitute counsel within that time, they may be subject to a default judgment in favor of Plaintiff. *See Forsythe v. Hales*, 255 F.3d 487, 490-91 (8th Cir. 2001) (failure to engage in discovery and hire counsel admitted to practice before the district court for a period of twenty-five months provided ample basis for a grant of default judgment); *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856-57 (8th Cir. 1996) (corporate defendant was technically in default on date court allowed counsel to withdraw because a corporation cannot proceed *pro se*). Lewis Rice's motion to withdraw from representation of Defendant Practecol will be granted when substitute counsel enters an appearance, or on April 30, 2020, whichever comes first.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Lewis Rice's Motion to Withdraw as Counsel for Defendant (Doc. No. 33) is **HELD IN ABEYANCE**, and the Court imposes a withdrawal notice period until **April 30, 2020**.

**IT IS FURTHER ORDERED** that Defendant Practecol shall obtain substitute counsel no later than **April 30, 2020**.

**IT IS FURTHER ORDERED** that Defendant Practecol's substitute counsel, if any, shall file an entry of appearance no later than **April 30, 2020**.

**IT IS FINALLY ORDERED** that on **April 30, 2020**, or upon the entry of

substitute counsel for Defendant Practecol, whichever comes earlier, the Court will issue an order granting the motion of Lewis Rice to withdraw from their representation of Defendant.

Dated this 23rd day of March, 2020.

                                          /s/ Jean C. Hamilton
                                         JEAN C. HAMILTON
                                         UNITED STATES DISTRICT JUDGE