# UNITED STATES DISTRICT COURT EASTERN DISTRICT OF MISSOURI EASTERN DIVISION

| | | |
|---|---|---|
| SKYLIGHT IMAGING LIMITED, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:18-CV-02049 JCH |
| | ) | |
| PRACTECOL, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Skylight Imaging Limited, LLC's Motion for Default Judgment, filed June 3, 2020. (ECF No. 42).

### I. PROCEDURAL HISTORY

Sky Light filed its Complaint on December 7, 2018. (ECF No. 1.) Defendant Practecol, LLC ("Defendant" or "Practecol") answered on February 28, 2019. (ECF No. 13.) One year later, on February 27, 2020, Practecol's counsel moved to withdraw. (ECF No. 33.) The Court issued a Memorandum and Order related to the Motion to Withdraw on March 23, 2020, providing that:

> [T]he Court will hold in abeyance Lewis Rice's motion for leave to withdraw as counsel, and order Defendant Practecol to obtain substitute counsel no later than April 30, 2020. If Practecol fails to obtain substitute counsel within that time, they may be subject to a default judgment in favor of Plaintiff. Lewis Rice's motion to withdraw from representation of Defendant Practecol will be granted when substitute counsel enters an appearance, or on April 30, 2020, whichever comes first.

(ECF No. 34, at 3.)

Substitute counsel did not file an entry of appearance on Practecol's behalf on or before the Court's April 30, 2020 deadline. On May 4, 2020, the Court entered its Memorandum and Order granting the Motion to Withdraw and directing Sky Light to file various motions based

Page **2** of **11**

thereon, stating:

> [W]ithin thirty (30) days of this Memorandum and Order, Plaintiff shall file separate motions to strike Defendant's pleadings, for Clerk's entry of default pursuant to Federal Rule of Civil Procedure 55(a) and, if appropriate, for default judgment pursuant to Federal Rule of Civil Procedure 55(b), along with all necessary supporting documentation and proposed order(s) for the Court's consideration.

(ECF No. 37 at 2.)

Sky Light filed its Motion to Strike Practecol's Answer on May 20, 2020, as a corporate defendant must be represented by counsel. (ECF Nos. 38 & 39.) *See, e.g.*, *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856-57 (8th Cir. 1996); *Woods v. K.C. Masterpiece*, No. 4:04CV936 CAS, 2006 WL1875524, at *1 (E.D. Mo. June 30, 2006) (granting motion to strike defendant's answer after company did not obtain substitute counsel by the deadline ordered by the Court). The Court granted Sky Light's Motion to Strike on May 28, 2020. (ECF No. 40.) Sky Light filed its Motion for Clerk's Entry of Default on May 29, 2020, and its Motion for Default Judgment on June 3, 2020. (ECF No. 41, 42.) The Court granted Sky Light's Motion for Clerk's Entry of Default on June 4, 2020. (ECF No. 43.)

Sky Light's Motion for Default Judgment, which seeks entry of default judgment against Practecol in the amount of $519,460.92, plus pre-judgment and post-judgment interest, is ripe for decision. Sky Light additionally reserves the right to pursue recovery of its attorneys' fees and costs.

## II.     RELEVANT FACTS

### A.     The Parties' Contractual Relationship

On or about June 28, 2017, Sky Light and Practecol entered into a contract titled "General Business Agreement" for the production, purchase, and sale of certain camera equipment (the

"Contract"). (*Id.* ¶ 12.) Sky Light agreed to manufacture and produce, and Practecol agreed to purchase, Practecol's "360 Camera" and related projects ("Product"). (Ex. 2 to Appl. for Default J., ECF No. 42 (the "Application").

Pursuant to the Contract, Practecol was to issue Purchase Orders related to the Product, consistent with its needs. (Ex. 2 to Application, § 1.1.) Section 1 of the Contract establishes the process for Practecol to place orders with Sky Light, and the parties' obligations thereafter. (*Id.* § 1.) Section 2.2 of the Contract addresses the purchase of materials and components that take a long leadtime to be fulfilled. It provides, in pertinent part: "[Practecol] shall confirm to purchase the Critical or long lead time components at [Practecol's] risk and cost per the forecast." (*Id.* § 2.2.) Section 3 of the Contract reflects the parties' agreement regarding price and payment terms. (*Id.* § 3.) The Contract also contains a choice of law provision; the parties agreed that the "execution and performance of this Agreement is governed by the laws of Hong Kong." (*Id.* § 12.) On September 26, 2017, Sky Light and Practecol entered into the first amendment to the Contract, authorizing third party 5 Horizons Group, LLC ("5H") to submit purchase orders to Sky Light on Practecol's behalf (the "First Amendment"). (ECF No. 1, ¶ 13; *see also* Ex. 3 to Application, First Amendment, § 1.1.)

    1.  <u>Guardzilla 360 (GZ360), Sky Light Model VGZ01</u>

On February 7, 2018, 5H submitted Purchase Order ("PO") 1372 for Guardzilla 360, Sky Light model VGZ01. (*See* Ex. 4 to Application, PO 1372.) Sky Light subsequently issued an invoice in conjunction with PO 1372 on November 1, 2018 in the amount of $271,399.70, describing the amount owed as the "sluggish cost of 10k GZ360 materials," *i.e.*, materials that take

a long leadtime to be fulfilled. (*See* Ex. 5 to Application, Invoice No. ISI811-192; *see also* Ex. 1 to Application, Liu Decl. ¶ 7.)

After preparing the longer lead time materials per Purchase Order 1372, they sat for more than a year in Sky Light's warehouse because Practecol chose not to place a product order to consume these materials as agreed to in the Contract. (*See* Ex. 2 to Application § 2.2; Ex. 1 to Application ¶ 8.) Sky Light repurposed some of these materials for other projects, mitigating damages caused by Practecol's breach. Sky Light issued an updated invoice on March 12, 2020, reflecting a reduced amount from $271,399.70 to $154,244.12. (Ex. 6 to Application, Invoice No. 0130002016, Mar. 12, 2020.) $154,244.12 remains outstanding in conjunction with PO 1372.

### 2. *Guardzilla Outdoor (GO360), Sky Light Model VGZ02*

#### a) **Purchase Order 1358**

On January 26, 2018, 5H submitted PO 1358 to Sky Light, ordering 10,000 units of Guardzilla Outdoor (GO360) for $817,000.00. (Ex. 7 to Application, PO 1358.) Although Sky Light received some payments associated with PO 1358 between March 2018 and July 2018 (*see* Application 7-8 and the exhibits referenced therein), Practecol failed to pay in full two invoices related to PO 1358: (1) Invoice No. ISI1807-132 dated July 26, 2018, and (2) Invoice No. ISI1812-046 dated December 1, 2018. (*See* Exs. 17 & 18 to Application, respectively.) While Practecol paid the 30% deposit payment due on each of these invoices on March 7, 2018, an outstanding balance of $114.38 remains on Invoice No. ISI1807-132, and $208,057.22 remains outstanding on Invoice No. ISI1812-046. In total, Practecol owes $208,171.60 in conjunction with PO 1358.

#### b) **Tooling, NRE, Jig & Fixtures; Licensing Costs**

Practecol also failed to pay and owes Sky Light $152,750.00, for the tooling, NRE, jig, and fixture costs related to Guardzilla Outdoor (GO360), Sky Light model VGZ02. These engineering-related costs are contemplated in Section 3 of the Contract. (*See* Ex. 2 to Application, Contract,

§ 3.) By signing the proforma invoice dated May 31, 2018, 5H agreed to these costs on Practecol's behalf. (*See* Ex. 21 to Application, Proforma Invoice, May 31, 2018.) Sky Light's October 23, 2018, invoice matches the pro forma. (*See* Ex. 22 to Application, Invoice No. ISI1810- 085, Oct. 23, 2018.) The $152,750.00 invoiced amount remains outstanding.

### c) Licensing Cost

Finally, Practecol failed to pay and Sky Light is owed $4,295.20, for the licensing costs associated with Guardzilla Outdoor (GO360), Sky Light model VGZ02. Sky Light invoiced this amount on November 21, 2018, as reflected in Exhibit 23. (*See* Ex. 23 to Application, Invoice No. ISI1811-193, Nov. 21, 2018.)

In total, Practecol failed to pay $519,460.92 USD, which remains due and outstanding to Sky Light under the Contract.

## III. LEGAL STANDARD

### A. Default Judgment.

A court may order default judgment under Federal Rule of Civil Procedure 55(b)(2) following the entry of default by the court clerk under Rule 55(a). Default judgments are not favored in the law. *United States ex rel. Time Equip. Rental Sales, Inc. v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993). This is because there is a judicial preference for adjudication on the merits. *Oberstar v. F.D.I.C.*, 987 F.2d 494, 504 (8th Cir. 1993). The Court, however, has discretion to enter a default judgment when appropriate. *Belcourt Public Sch. Dist. v. Davis,* 786 F.3d 653, 661 (8th Cir. 2015).

Upon entry of default, "the factual allegations of a complaint (except those relating to the amount of damages) are taken as true, but 'it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit

mere conclusions of law.'" *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (*quoting* 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2688 at 63 (3d ed.1998)); *Bank of the W. v. Brooks*, 4:19-CV-00588-SRB, 2020 WL 1644045, at *2 (W.D. Mo. Apr. 2, 2020) ("Once a default is entered, the defendant 'has no further standing to contest the factual allegations of plaintiff's claim for relief' and he 'is deemed to have admitted all well pleaded allegations in the complaint.'" (*quoting Taylor v. City of Ballwin, Mo.*, 859 F.2d 1330, 1333 n.7 (8th Cir. 1988)).

Prior to entering default judgment, the Court must also "satisfy itself that the moving party is entitled to judgment, including by reviewing the sufficiency of the complaint, and the underlying substantive merits of its claim." *e.g.*, *Walton v. Pennington*, 4:14-CV-1804-CAS, 2016 WL 5076181, at *2 (E.D. Mo. Sept. 14, 2016) (citation omitted).

**B.**     **Interest.**

Section 408.020 of the Revised Statutes of Missouri permits the recovery of prejudgment interest under the following circumstances:

> Creditors shall be allowed to receive interest at the rate of nine percent per annum, when no other rate is agreed upon, for all moneys after they become due and payable, on written contracts, and on accounts after they become due and demand of payment is made; for money recovered for the use of another, and retained without the owner's knowledge of the receipt, and for all other money due or to become due for the forbearance of payment whereof an express promise to pay interest has been made.

Mo. Rev. Stat. § 408.020.

"When the damages for a claim of breach of contract are fixed or readily ascertainable and a sufficient demand is made, the statute [*i.e.*, § 408.020 R.S.Mo.] compels the award of prejudgment interest." *Trinity Prods., Inc. v. Burgess Steel, L.L.C.*, 486 F.3d 325, 335 (8th Cir. 2007) (citing *Watters v. Travel Guard Int'l*, 136 S.W.3d 100, 112 (Mo. App. 2004)).

Post-judgment interest is recoverable under Missouri law at an annual rate of nine percent,

as set forth in Mo. Rev. Stat. § 408.040(2), which provides that:

> In all nontort actions, interest shall be allowed on all money due upon any judgment or order of any court from the date judgment is entered by the trial court until satisfaction be made by payment, accord or sale of property; all such judgments and orders for money upon contracts bearing more than nine percent interest shall bear the same interest borne by such contracts, and all other judgments and orders for money shall bear nine percent per annum until satisfaction made as aforesaid.

Mo. Rev. Stat. § 408.020(2).

## IV. DISCUSSION

### A. Sky Light is Entitled to Judgment on Each of Its Claims.

#### 1. *Sky Light is entitled to judgment on its breach of contract claim.*

To prevail on a breach of contract claim under Missouri law, the plaintiff must establish: "(1) a contract, (2) the parties had rights and obligations under the contract, (3) breach, and (4) damages." *Roe v. St. Louis Univ.*, 746 F.3d 874, 885–86 (8th Cir. 2014) (citing *Kieffer v. Icaza*, 376 S.W.3d 653, 657 (Mo. banc 2012)). Similarly, "'[t]o prevail on a breach of contract claim under Hong Kong law,[1] a plaintiff must establish (1) that there were express or implied contractual terms requiring the defendant to act in some manner, and (2) that the defendant has acted contrary to those express or implied terms.'" *Jet Midwest Int'l Co., Ltd. v. Jet Midwest Group, LLC*, 17-06005-CV-SJ-DW, 2017 WL 11483955, at *2 (W.D. Mo. Oct. 25, 2017) (quoting *Willcox v. Lloyds TSB Bank, PLC*, No. CV 13-00508 ACK-RLP, 2016 WL 593458, at *5 (D. Haw. Feb. 11, 2016)).

Sky Light adequately pleaded its breach of contract claim and the breach of contract claim succeeds on the merits. Sky Light entered into the Contract with Practecol on June 28, 2017 "for

---

[1] The Contract provides that "[t]he execution and performance of this Agreement is governed by the laws of Hong Kong." (Ex. 2, Contract § 12.) Sky Light satisfies this cause of action under both Missouri and Hong Kong law.

~ 8 - -

the production, purchase and sale of certain camera equipment." (ECF No. 1 ¶ 12; *see also id.* ¶ 19; Ex. 2 to Application, Contract.) Sky Light and Practecol entered into the First Amendment to the Contract on September 26, 2017, thereby authorizing 5H to submit purchase orders to Sky Light on Practecol's behalf. (ECF No. 1 ¶ 13; Ex. 3 to Application, First Amendment, § 1.1.) 5H submitted purchase orders pursuant to the Contract and the First Amendment. (ECF No. 1 ¶ 14 (discussing PO 1358 and attaching both POs 1358 and 1372 as Exhibit 3 to the Complaint); Exs. 4 and 7 to Application, PO 1372 and PO 1358, respectively.)

Sky Light satisfied its obligations under the Contract, fulfilling Practecol's orders and issuing invoices corresponding with the POs. (*See* ECF No. 1 ¶¶ 15-17 (and the invoices referenced therein) and 21; Ex. 6 to Application, Invoice No. 0130002016; Ex. 17 to Application, Invoice No. ISI1807-132; Ex. 18 to Application, Invoice No. ISI1812-046.) Practecol did not make the full payments due under these invoices. $154,244.12 remains outstanding in conjunction with PO 1372, and $208,171.60 remains outstanding in conjunction with PO 1358.

In addition, while Sky Light invoiced Practecol for the tooling, NRE, jig, and fixture costs related to the Project, fees specifically agreed to in the Contract, Practecol failed to pay the amount due, $152,750.00. (*See* ECF No. 1 ¶¶ 16-17; Ex. 2 to Application, Contract, § 3; Ex. 22 to Application, Invoice No. ISI1810-085.) Practecol also failed to pay $4,295.20 in licensing costs. (*See* ECF No. 1 ¶¶ 16-17; Ex. 2 to Application, Contract, § 3.7; Ex. 23 to Application, Invoice No. ISI 1811-193.)

Sky Light has submitted, in support of its Motion for Default Judgment, copies of the relevant contracts and amendments, purchase orders and relevant communications between the parties, and the Declarations of Ophelia Liu, an employee of Sky Light's Sales Department and Karl W. Dickhaus, one of Sky Light's attorneys representing it in this matter. (*See* ECF 42-1 through 42-25). After careful consideration of Sky Light's Complaint, it's briefing, and these

supporting documents, the Court concludes that Sky Light has established that Practecol's failure to pay the amounts due constitutes a breach of the Contract, and Sky Light has been damaged in the total amount of $519,460.92 based upon Practecol's breach, and is therefore entitled to judgment of a sum certain of $519,460.92 for its breach of contract claim.

### 2. *Alternatively, Sky Light is also entitled to judgment on its claim for account stated.*

To prevail on a claim for account stated, "the claimant must prove that '(1) the parties had prior financial dealings, an open account; (2) the parties reached an agreement as to the amount due and owing on that account; and (3) the debtor acknowledged this obligation and made an unconditional promise to pay.'" *Estate of Miller*, 551 S.W.3d 625, 628 (Mo. App. 2018), *reh'g and/or transfer denied* (July 9, 2018) (quoting *Scheck Indus. Corp. v. Tarlton Corp.*, 435 S.W.3d 705, 721-22 (Mo. App. 2014)). The debtor may acknowledge its obligation and make an unconditional promise to pay expressly, or by implication. *See, e.g. Kansas City Commercial Photo View Co. v. Kansas City Bridge Co.*, 208 233 S.W. 947, 948 (Mo. App. 1921)(recognizing the doctrine that "where the party receiving the account keeps it and makes no objection within a reasonable time his silence is taken to be consent and acquiescence in the account, . . . he will be bound by it as if it were a stated account."); *see also Conkling v. Henry Quellmalz Lumber & Mfg. Co.*, 20 S.W.2d 564, 566 (Mo. App. 1929).

Sky Light is entitled to recover $519,460.92 based upon its claim for an account stated. Sky Light and Practecol had prior financial dealings based upon the Contract and the payments that Practecol made thereunder. (*See* ECF No. 1 ¶¶ 14-17, 25-26; Exs. 8-16 to Application.) Sky Light fulfilled the orders and issued invoices based upon the purchase orders submitted by 5H. Practecol did not object to the amounts identified therein; instead, Practecol made partial payments and its agent, 5H, countersigned proforma invoices. (*See* ECF No. 1 ¶¶ 25-27; Ex. 5 to Application,

Invoice No. ISI811-192; Ex. 6 to Application, Invoice No. 0130002016 (updated invoice re Invoice No. ISI811-192); Ex. 17 to Application, Invoice No. ISI1807-132; and Ex. 18 to Application, Invoice No. ISI1812-046; Exs. 8-16 to Application; Ex. 21 to Application, Proforma Invoice; Ex. 22 to Application, Invoice No. ISI1810-085; Ex. 23 to Application, Invoice No. ISI 1811-193.) As such, Practecol's promise to pay the balance, *i.e.*, $519,460.92, is implied. Sky Light is entitled, therefore, to judgment on its claim for account stated.[2]

### B.     Sky Light is Entitled to Pre-Judgment and Post-Judgment Interest.

As set forth above, Sky Light is entitled to damages in the amount of $519,460.92 for Practecol's breach of contract. Because the Contract does not provide for prejudgment interest, the nine percent annual statutory rate applies, and Plaintiff is entitled to such interest. (*See* Ex. 2 to Application, Contract); MO. REV. STAT § 408.020. Additionally, post-judgment interest shall accrue at the rate of nine percent annually. MO. REV. STAT § 408.040(2).

### C.     Attorneys' Fees

With respect to Sky Light's reservation of its right to pursue the recovery of attorneys' fees and costs, (See ECF 42 at 2), the Court will allow Plaintiff 21 days from the entry of this Judgment to submit an application for costs and attorneys' fees. If Plaintiff chooses to seek attorneys' fees and costs, it shall timely file a motion for attorneys' fees with appropriate supporting documentation pursuant to Fed. R. Civ. 54(d)(2) and Local Rule 8.02.

## V.     CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Default Judgment (ECF No. 42) is **GRANTED** in accordance with the foregoing.

---

[2] Because the Court concludes that Plaintiff is entitled to judgment on its contract and account stated claims, it need not reach Plaintiff's quantum meruit claim.

**IT IS FURTHER ORDERED** that Plaintiff is awarded damages in the amount of $592,151.62, which amount consists of $519,460.92 on Plaintiff's claims, $72,690.70 in pre-judgment interest of 9.00%, as accrued between December 7, 2018, through June 26, 2020, plus post-judgment interest, which shall accrue at the annual rate of 9.00% until fully satisfied.

**IT IS FINALLY ORDERED** that Plaintiff has until **August 7, 2020**, to file an application for costs and attorneys' fees with the Court.

A separate Judgment will accompany this Memorandum and Order.


Dated this 17th day of July, 2020.


            __/s/ Jean C. Hamilton_____
            JEAN C. HAMILTON
            UNITED STATES DISTRICT JUDGE